# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NINA BOROM, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>MENARD, INC., )<br>        Defendant. ) | Cause No.: 2:14-CV-22-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Protective Order [DE 15], filed on July 1, 2014, and Plaintiff's Motion to Compel [DE 18], filed on July 3, 2014. The Motion for Protective Order became fully briefed on July 10, 2014. Defendant responded to the Motion to Compel on July 17, 2014. Plaintiff has not filed a reply brief, and the deadline to do so (July 28, 2014) has passed.

## I. Background

Plaintiff alleges that she was walking down a stopped escalator at one of Defendant's hardware stores when one of Defendant's employees started it, causing it to jolt forward. As a result, Plaintiff alleges that she seriously injured her right knee. She filed this lawsuit against Defendant on December 23, 2014. This case is now in the discovery stage.

Plaintiff asked for Defendant to produce copies of its surveillance videos of the alleged accident. Defendant initially objected that it did not need to turn over the video footage because it is attorney work product. After a renewed request, Defendant agreed to turn over the video footage on the condition that Plaintiff enter into a confidentiality agreement. Plaintiff's counsel initially agreed, but after conferring with Plaintiff, he withdrew that agreement, demanding that the video footage be turned over without a confidentiality agreement. Plaintiff represents that she believes this

is the latest in a series of needless delays. She contends that Defendant has deliberately drawn out the discovery process, asking for numerous extensions of time and also objecting to every one of Plaintiff's written discovery requests.

Defendant responds that the delays are simply a consequence of the complexity of getting documents from a large corporation with its own in-house lawyers. It also represents that it objected to every discovery request because it wanted to preserve its objections. According to Defendant, the reason it wants a protective order regarding the videos is that the video footage discloses the location of the store's cameras, and thus blind spots. If this information were to fall into less-than-honest hands, it could be used to further fraudulent lawsuits or shoplifting.

Defendant filed this Motion for Protective Order, seeking to maintain the confidentiality of the video footage. Plaintiff, in turn, filed her Motion to Compel, which seeks an order compelling production of the video footage without a protective order. The Court considers each motion in turn.

## II. Protective Order

Under the Federal Rules of Civil Procedure, parties are entitled to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is defined broadly and need not be admissible at trial, as long as it is reasonably calculated to lead to admissible evidence. *Id.*

Nevertheless, Federal Rule of Civil Procedure 26(c)(1) provides that courts may issue protective orders limiting discovery for good cause. Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). Potential limits include specifying

the terms of discovery, forbidding inquiry into certain matters, limiting the scope of discovery, and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). The court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling*, 211 F.R.D. at 554. The party seeking the protective order has the burden of showing that good cause exists for it. *Id.* "In order to establish that information should be subject to a protective order, the party seeking protection bears the burden of establishing: (1) that the information is in fact a trade secret or confidential commercial information and (2) that there is good cause to protect the information." *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993).

As mentioned above, Defendant believes that sharing the video footage without any confidentiality protections would expose the store to a greater risk of theft or fraudulent lawsuits. Plaintiff raises two objections. First, that Defendant's fear is a far-fetched cover for further delay, which does not amount to a showing of good cause. Second, Plaintiff argues that no Federal Rule of Civil Procedure mandates that she sign a confidentiality agreement.

While it does appear that there may be some delay on Defendant's part, the Court thinks Defendant's concerns about theft and frivolous lawsuits is concrete enough to justify a protective order. Disclosing the footage means disclosing where all the cameras are. It would be relatively simple for an enterprising thief or fraudster to compare the footage to the actual layout of the store, discovering the blind spots. This is not to say that Plaintiff or her lawyer want to use this information to commit theft or barratry. Rather, it is simply an acknowledgement that, if not kept secret, little prevents this information from eventually finding its way into the hands of a third party that might

use it wrongly.

The second objection is, as Defendant admits, true. It is also irrelevant. As just mentioned, Federal Rule of Civil Procedure 26(c) allows parties to seek protective orders to avoid annoyance, embarrassment, oppression, and undue burdens and expenses.

Defendant has established good cause, and the Court accordingly grants the Motion for Protective Order. The Court orders that the video footage and the location of the cameras not be disclosed by Plaintiff to anyone except the attorneys working on this case, the parties in this case, any consultants and experts, deponents, and deposition and court reporters. Before the video footage or camera locations may be disclosed to any such persons, they must first be advised about this Order and its protections. They also must agree, in writing, to be bound by the terms of this Order. Plaintiff may use the video footage and camera location data for this lawsuit and nothing else. The footage must be either destroyed or returned to Defendant within thirty days after this lawsuit has come to a complete close, including any appeals.

In accordance with Local Rule 5-3, any party wishing to file anything under seal must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Seventh Circuit Court of Appeals case law regarding filing materials under seal.

### III. Motion to Compel

The Motion to Compel seeks an Order compelling Defendant to hand over the video footage without any protections for its confidentiality. As discussed above, the Motion for Protective Order is justified, and the Court accordingly denies the Motion to Compel. Moreover, Defendant has stated that it has no objection to producing the video footage so long as it is protected.

## IV. Costs and Fees

In the context of protective orders sought under Federal Rule of Civil Procedure 26 and motions to compel brought under Rule 37, the victor is usually entitled to reasonable costs and fees spent in litigating the motion. *See*; Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."). Federal Rule of Civil Procedure 37(a)(5) provides that, if the motion to compel or motion for protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Fees may not be awarded if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." *Id*. 37(a)(5)(A)(i)-(iii).

Though Plaintiff's desire to get the video material is understandable, her objection to the confidentiality agreement was not justified. Indeed, she seems to have withdrawn her consent to the agreement not out of any concern regarding her use of the video footage, but simply out of a desire to get back at Defendant for asking for so many extensions of time. Delays are indeed frustrating, and Defendant has asked for many throughout the course of discovery. But this does not add up to a position that is substantially justified. In light of this, the Court finds that none of the exceptions apply and accordingly awards Defendant reasonable costs and attorney fees expended in litigating both the Motion for Protective Order and the Motion to Compel.

## V. Conclusion

For these reasons, the Court **GRANTS** Defendant's Motion for Protective Order [DE 15] and **DENIES** Plaintiff's Motion to Compel [DE 18]. The Court further **ORDERS** Defendant to file an itemization of reasonable costs and fees, including attorney fees, incurred in litigating these two motions by **September 9, 2014**. Any response by Plaintiff is due **September 23, 2014**.

SO ORDERED this 26th day of August, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record