UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NINA BOROM,            )
    Plaintiff,     )
                       )
v.                     )   Cause No.: 2:14-CV-22-JVB-PRC
                       )
MENARD, INC.,          )
    Defendant.     )

**OPINION AND ORDER**

This matter is before the Court on an Affidavit of Fees [DE 23], filed by Defendant Menard, Inc. on September 9, 2014, and Defendant's Motion to Strike [DE 29], filed on October 16, 2014.[1] Both motions became fully briefed on November 7, 2014.

## I. Background

Plaintiff alleges that she was walking down a stopped escalator at one of Defendant's stores when one of Defendant's employees started it, causing it to jolt forward. As a result, Plaintiff alleges that she seriously injured her right knee. She filed this lawsuit against Defendant on December 23, 2013. This case is now in the discovery stage.

Earlier in this case, Plaintiff asked for Defendant to produce copies of surveillance videos of the alleged accident. Defendant initially objected that it did not need to turn over the video footage alleging it is attorney work product. After a renewed request, Defendant, after a number of delays, agreed to turn over the video footage on the condition that Plaintiff enter into a confidentiality agreement.

---

[1] A related Motion for Sanctions [DE 27] was also filed by Defendant on October 16, 2014; the undersigned is issuing a separate report and recommendation to District Judge Joseph Van Bokkelen on that motion today.

Plaintiff's counsel initially agreed, but after conferring with Plaintiff, he withdrew that agreement, demanding that the video footage be turned over without a confidentiality agreement. This dispute led to Defendant filing a Motion for Protective Order, which asked that the video footage be treated as confidential to protect the disclosure of blind spots to would-be thieves and those pursuing fraudulent lawsuits. Plaintiff, in turn, filed a Motion to Compel, which sought an order compelling production of the video footage without a protective order. The briefs for those two motions discussed attorney fees.

On August 26, 2014, this Court issued an Order granting the Motion for Protective Order, denying the Motion to Compel, and awarding Defendant costs and fees under Federal Rule of Civil Procedure 37(a). The Court ordered Defendant to submit an affidavit of fees, which it did on September 9, 2014. On September 23, 2014, Plaintiff filed a response. Defendant filed a reply on October 16, 2014, well after the deadline (October 3, 2014), but Plaintiff has not objected.

## II. Analysis

As an initial matter, the Court notes that most of Plaintiff's response to the affidavit of fees is an improper attempt to re-litigate the attorney fees issues raised in the briefing for the Motion to Compel and the Motion for Protective Order. Federal Rule of Civil Procedure 37(a)(5) provides that "the court must, *after giving an opportunity to be heard*, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The objections Plaintiff now makes—especially her contention that defense counsel did not confer with Plaintiff's counsel prior to filing the Motion for Protective Order—are troubling. But she failed to raise these objections in litigating those motions.

2

Her objections, insofar as they relate to whether an award of costs and fees is warranted (as opposed to objections regarding the *amount* of fees), come too late.

The Court need not strike these arguments under Federal Rule of Civil Procedure 12(f), however, as urged by Defendants. Doing so would go against the language of that rule, which authorizes courts to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ." Fed. R. Civ. P. 12(f) (emphasis added). The rule says nothing about striking material from briefs or motions. And, at any rate, this Court's ruling regarding the propriety of Plaintiff's objections renders that motion moot.

Plaintiff also objects that Defendant overcharged for the work done in drafting its four-page response to Plaintiff's Motion to Compel. She contends that the response mirrors Defendant's Motion for Protective Order. As Defendant points out, however, Plaintiff—inexplicably—contends that Defendant is seeking more than $1,300 in attorney fees for preparation of the response. In reality, the affidavit asks for $633. The response, though it did copy certain parts of Defendant's original motion, included a new section on why Plaintiff's Motion to Compel was procedurally improper and a section asking for costs and fees. The total amount asked for ($633) and the total hours billed (3.8 hours) are not unreasonable.

The only remaining dispute is about the propriety of three entries in defense counsel's affidavit of fees. Those entries are:

1. Review of the Court's Order ($105);
2. Preparation of legal analysis regarding the Court's Order ($42); and
3. Preparation of the Affidavit of Fees ($546).

Plaintiff contends that these are not reasonable costs and, moreover, are not appropriate since they

attempt to recoup fees incurred *after* the motions were ruled on.

The Court begins with the second objection. Rule 37(a)(5)(A) provides that the winning side gets costs and fees "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Defendant contends that this includes the follow-up work of reviewing the order and putting together an affidavit of fees.

There is a divide of authority on whether this is the right approach. Some courts have held that preparation of an affidavit of fees is covered by Rule 37(a)(5).[2] Others have reached the opposite conclusion.[3]

Defendant objects that it *could* have included an affidavit with its original briefing and that it thus would have been entitled to the costs and fees appertaining to it. This may well be true, and the argument has some intuitive appeal. *See Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981). But adopting it would go against the plain meaning of the text. Indeed, when the rule's drafters wanted to indicate that a party would be liable for all costs and fees *caused by* its conduct, they knew how to draft it. For example, Rule 37(b) provides that, in awarding sanctions the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by* the failure." Fed. R. Civ. P. 37(b). "Caused by" language is also employed in Rule 37(c), (d), and (f). *Id.*

The Court notes that the Seventh Circuit Court of Appeals, in *Tamari v. Bache & Co.*, cited

---

[2] *See, e.g.*, *Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981) ("'[E]xpenses incurred in obtaining the order' should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.").

[3] *See, e.g.*, *Michigan Millers Mut. Ins. Co. v. Westport Ins. Corp.*, No. 1:14-CV-151-PLM, 2014 WL 5810309, at *5 (W.D. Mich. Nov. 7, 2014) (citing Fed. R. Civ. P. 37(a)(5)(A); *May v. F/V LORENA MARIE*, Official No. 939683, No. 3:09-CV-114-SLG, 2012 WL 395286, at *6 (D. Alaska Feb. 7, 2012)); *Addington v. Mid Am. Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978) ("[The costs of preparing the affidavit] cannot fairly be considered as 'expenses incurred in obtaining the order (compelling discovery), including attorney's fees,' for it was prepared after and in response to the Order Compelling Discovery".).

4

*Aerwey Labs* with approval. F.2d 469, 475 (7th Cir. 1984) (citing *Aerwey Labs*, 90 F.R.D. at 565–66). The citation served to bolster a broad reading of the Rule 37(b) "caused by" standard and equated the "caused by" language of Rule 37(b) with the provisions of Rule 37(a). But it did so without analysis or mention of difference in language. *Id.* This statement is dicta, and the Court declines to follow it. The Court hence reduces the attorney fees by $693 (3.3 hours at $210/hr).

Finally, the Court notes that it appears that there is a discrepancy in defense counsel's tally. The chart records 8.4 hours of work for attorney David Kalimuthu, but the summary (on which the total appears to be based) states that he billed only 7.7 hours. The Court construes this discrepancy against Defendant.

### III. Conclusion

For these reasons, the Court **FINDS** the fee request to be reasonable except for the fees incurred in reviewing this Court's order and preparing the affidavit of fees. The Court thus **GRANTS in part** and **DENIES in part** the relief sought in the Affidavit of Fees [DE 23] and **AWARDS** Defendant $2,291 (that is, $2984 – $693) in Attorney Fees. The Court **DENIES as moot** Defendant's Motion to Strike [DE 29].

SO ORDERED this 10th day of December, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record