# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| NINA BOROM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-22-JVB-PRC |
| | ) | |
| MENARD, INC., | ) | |
|     Defendant. | ) | |

## FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on Defendant's Motion for Rule 11 Sanctions [DE 27], filed on October 16, 2014. This matter became fully briefed on November 7, 2014. On November 10, 2014, District Judge Joseph S. Van Bokkelen issued an Order [DE 35] referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

### I. Background

Plaintiff alleges that she was walking down a stopped escalator at one of Defendant's stores when one of Defendant's employees started it, causing it to jolt forward. As a result, Plaintiff alleges that she seriously injured her right knee. She filed this lawsuit against Defendant on December 23, 2013. This case is now in the discovery stage.

Earlier in this case, Plaintiff asked for Defendant to produce copies of surveillance videos of the alleged accident. Defendant initially objected that it did not need to turn over the video footage alleging the video is attorney work product. After a renewed request, Defendant, after a

number of delays, agreed to turn over the video footage on the condition that Plaintiff enter a confidentiality agreement.

Plaintiff's counsel initially agreed, but after conferring with Plaintiff, he withdrew that agreement, demanding that the video footage be turned over without a confidentiality agreement. This dispute led to Defendant filing a Rule 26 Motion for Protective Order, which asked that the video footage be treated as confidential to protect the disclosure of blind spots to would-be thieves and those pursuing fraudulent lawsuits. Plaintiff, in turn, filed a Rule 37 Motion to Compel, which sought an order compelling production of the video footage without a protective order. The briefs regarding those two motions discussed attorney fees.

On August 26, 2014, this Court issued an Order granting the Motion for Protective Order, denying the Motion to Compel, and awarding Defendant costs and fees under Federal Rule of Civil Procedure 37. The Court ordered Defendant to submit an affidavit of fees, which it did on September 9, 2014. On September 23, 2014, Plaintiff filed a response. Much of that response was an attempt to relitigate whether an award of fees was justified. However, as explained in a separate order issued today by the undersigned, these arguments were not appropriate since the only issue set for briefing was the appropriate *amount* of costs and fees, not whether costs and fees should be awarded.

Defendant now asks that, in addition to the fees and costs it is entitled to, the Court levy Federal Rule of Civil Procedure 11 sanctions against Plaintiff because her brief sought to improperly relitigate whether fees were warranted and made a mathematical error. No discussion of the merits of this request is needed, however, because Rule 11 is inapplicable to discovery. As the Rule explains, it "does not apply to . . . responses, objections, and motions under Rule 26 through 37." Fed. R. Civ. P. 11(d). The fees were awarded to Defendant pursuant to both Rule 26 and Rule 37,

and Rule 11 thus forbids sanctioning Plaintiff for the brief she submitted objecting to those fees and costs.

And even if this were not the case, Rule 11(c)(2) provides a "safe harbor" provision, requiring that a motion for sanctions be served on the offending party prior to being filed with the Court; a motion for sanctions must first be served on the allegedly offending party and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2); *see Feldman v. Olin Corp.*, 692 F.3d 748, 758 (7th Cir. 2012) ("Notice plays a central part in the Rule 11 process."); *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011) ("This 21-day window gives the offending party a 'safe harbor' within which to withdraw or correct the offending pleading."). There is no indication that Defendant complied with the requirements of Rule 11(c)(2).

Thus, the Motion for Sanctions for failure to follow the rules *itself* fails to follow the rules. It is not well taken, and the undersigned recommends that Judge Van Bokkelen deny it.

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Rule 11 Sanctions [DE 27]. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th

Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 10th day of December, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record